## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| Kathryn Rodriguez,<br><br>        Plaintiff,<br><br>v.<br><br>Portfolio Recovery Associates, LLC,<br><br>        Defendant. | **<u>COMPLAINT</u>**<br><br><br>**<u>JURY TRIAL DEMANDED</u>** |

### <u>JURISDICTION</u>

1. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1367 for pendent state law claims.

2. This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. ("FDCPA"), the Michigan Collection Practices Act, M.C.L. § 445.251 *et seq*. ("MCPA"), and the Michigan Occupational Code, M.C.L. §339.901 *et seq*. ("MOC") by this Defendant and its agents in their illegal efforts to collect a consumer debt from Plaintiff.

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

## PARTIES

4.   Plaintiff Kathryn Rodriguez is a natural person who resides in the County of Ionia, State of Michigan, is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3), and/or a person affected by a violation of the FDCPA with standing to bring this claim under 15 U.S.C. § 1692k(a).

5.   Plaintiff is a "person" as the term is defined by M.C.L. § 445.251(f) and a "consumer" as defined by M.C.L. § 339.901(f).

6.   Plaintiff is "person" as defined by 47 U.S.C. § 153(39).

7.   Defendant Portfolio Recovery Associates, LLC is a Delaware limited liability company, with its principal place of business located at 120 Corporate Boulevard, Suite 100, Norfolk, Virginia 23502, having its registered agent at Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.

8.   Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

9.   Defendant is a "collection agency" as that term is defined by M.C.L. §§ 445.251(b) and 339.901(b).

10.   Defendant is not licensed by the State of Michigan to collect consumer debt in Michigan.

11.    Defendant and its employees are "regulated persons" as that term is defined by M.C.L. § 445.251(g).

12.    At all times relevant to this complaint, Defendant was and is a "person" as defined by 47 U.S.C. § 153(39).

13.    At all relevant times to this complaint, the phone number ending in 9808, was and is a number assigned to a cellular telephone service 227(b)(1)(A)(iii).

14.    At all times relevant to this complaint, Defendant has owned, operated, and or controlled "customer premises equipment" as defined by the TCPA 47 U.S.C. § 153(16) that originated, routed, and/or terminated telecommunications.

15.    Defendant at all times relevant to the complaint herein engaged in "telecommunications" defined at 47 U.S.C. § 153(50).

16.    Defendant at all times relevant to the complaint herein engaged in "interstate communications" at 47 U.S.C. § 153(28).

17.    At all times relevant to this complaint, Defendant has used, controlled, and/or operated "wire communications" as defined at 47 U.S.C. § 153(59), that existed as instrumentalities of interstate and intrastate commerce.

18. At all times relevant to this complaint, Defendant has used, controlled, and/or operated "automatic telephone dialing systems" as defined at 47 U.S.C. § 227(a)(1) and 47 C.F.R. 64.1200(f)(1).

## **FACTUAL ALLEGATIONS**

19. Several years ago, Plaintiff incurred a financial obligation that was primarily for personal, family, or household purposes and is therefore a "debt" as that term is defined by the FDCPA, MOC, and MCPA, namely vehicle financing through AmeriCredit Financial Services.

20. Plaintiff defaulted on her obligation with the original creditor.

21. After the Plaintiff defaulted on his obligation, the account was transferred, placed, moved, sold, or otherwise assigned to Defendant for collection.

22. Plaintiff never provided the cellular telephone number ending with 9808 to Defendant.

23. Plaintiff never provided consent to Defendant to contact her cell phone using an "automatic telephone dialing systems" as defined at 47 U.S.C. § 227(a)(1) and 47 C.F.R. 64.1200(f)(1).

24. Upon information and belief, the statute of limitations has passed for Defendant to pursue legal action on this account.

25.      Upon information and belief, Defendant purchased the debt and paid less than 5% of the balance it claims the Plaintiff owes.

26.      Sometime on or before February 27, 2013, Defendant began its attempts to collect from Plaintiff the financial obligation.

27.      Defendant mailed a statement to Plaintiff on or about February 27, 2013, seeking to collect $13,372.88 from Plaintiff, attached as Exhibit 1.

28.      Defendant's letter, attached as Exhibit 1, is an attempt to collect a debt from Plaintiff.

29.      Defendant mailed a statement to Plaintiff on or about August 15, 2013, seeking to collect $10,939.27 from Plaintiff, attached as Exhibit 2.

30.      Defendant's letter, attached as Exhibit 2, is an attempt to collect a debt from Plaintiff.

31.      Plaintiff renewed or continued its attempt to collect the debt from Plaintiff in April of 2015.

32.      Defendant mailed a statement to Plaintiff on or about April 10, 2015, seeking to collect $10,939.27 from Plaintiff, attached as Exhibit 3.

33. Defendant's letter, attached as Exhibit 3, is an attempt to collect a debt from Plaintiff.

34. Defendant sent letters within one year of the filing of this Complaint that did not say that the statute of limitations had run on the debt, which would have provided a complete defense to any lawsuit to recover the money.

35. The letters did not state that a partial payment on a time-barred debt restarts the statute-of-limitations clock under Michigan law.

36. On multiple occasions, including the one-year period prior to filing this Complaint, Defendant spoke to Plaintiff by phone and sought payment on this time-barred debt, without disclosing that the debt was time-barred.

37. During the one-year period prior to filing this Complaint, Defendant sought any payment from Plaintiff even though any payment on the account would have renewed the statute of limitations.

38. During the one-year period prior to filing this Complaint, Defendant asked the Plaintiff to borrow money to make payments on this time-barred debt.

39. The Sixth Circuit Court of Appeals stated:

> "… an unsophisticated debtor who cannot afford the settlement offer might nevertheless assume from the letter that some payment is better than no payment. Not true: Some payment is worse than no payment. The general rule in Michigan is that partial payment restarts the statute-of-limitations clock, giving the creditor a new opportunity to sue for the full debt."

*Buchanan v. Northland Grp., Inc.,* 776 F.3d 393, 399 (6th Cir. 2015).

40.   Defendant's attempts to contact Plaintiff by phone did not state that the statute of limitations had expired on the debt, which would have provided a complete defense to any lawsuit to recover the money.

41.   Within four years immediately preceding the filing of this lawsuit, Defendant left pre-recorded voicemail messages for Plaintiff at the phone number ending in 9808.

42.   Within four years immediately preceding the filing of this lawsuit, Defendant telephoned Plaintiff at the phone number ending in 9808, on numerous occasions using an automatic telephone dialing system.

43.   Within four years immediately preceding the filing of this lawsuit, Defendant telephoned Plaintiff at the phone number ending in 9808, on numerous occasions using an "automatic telephone dialing

system" as defined at 47 U.S.C. § 227(a)(1) and 47 C.F.R. 64.1200(f)(1).

44. On numerous occasions, when the Plaintiff would answer the phone, she would hear a prerecorded or synthesized message.

45. On other occasions, when the Plaintiff would answer the phone, she would hear nothing and the call would disconnect.

46. On other occasions, when the Plaintiff would answer the phone, she would hear silence for several seconds before the call was transferred to a live person or a pre-recorded message.

47. As a direct, actual, and proximate result of the acts and omissions of Defendant, Plaintiff has suffered actual damages in the form of confusion, frustration, and upset, amongst other negative emotions.

## **TRIAL BY JURY**

48. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable.  US Const. amend. 7.  Fed.R.Civ.P. 38.

## **CAUSES OF ACTION**

### **COUNT I.**
### **VIOLATIONS OF THE**
### **FAIR DEBT COLLECTION PRACTICES ACT**
### **15 U.S.C. § 1692 *et seq*.**

49. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

50.     The foregoing acts and omissions of each Defendant and their agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 *et seq*., with respect to Plaintiff.

51.     Defendant violated 15 U.S.C. § 1692d each time it communicated with Plaintiff in the one-year period prior to filing this Complaint, as the natural consequence of each communication that failed to disclose that the date was time-barred, was to harass, oppress, or abuse the Plaintiff.

52.     Defendant violated 15 U.S.C. § 1692d when it offered to settle a debt that was past the statute of limitations without informing the Plaintiff of the complete legal defense of the debt being past the statute of limitations existed.

53.     Defendant violated 15 U.S.C. § 1692d when it offered to settle the time-barred debt without disclosing that any repayment would renew the statute of limitations.

54.     Defendant violated 15 U.S.C. § 1692d each time it violated the MOC, as detailed in this Complaint, the natural consequence of which was to harass, oppress, or abuse the Plaintiff.

55.  Defendant violated 15 U.S.C. § 1692d each time it violated the MCPA, as detailed in this Complaint, the natural consequence of which was to harass, oppress, or abuse the Plaintiff.

56.  The Plaintiff was misled by Defendant's offer to settle a debt that was past the statute of limitations because *any* payment on the debt would reactivate the statute of limitations – a violation of 15 U.S.C. § 1692e.

57.  The least sophisticated consumer would be misled by Defendant's offer to settle a debt that is past the statute of limitations because any payment on the debt would reactivate the statute of limitations – a violation of 15 U.S.C. § 1692e.

58.  Defendant violated 15 U.S.C. § 1692e by making a false, deceptive, or misleading statement in connection with the attempt to collect the debt when it offered to settle a debt that was past the statute of limitations without informing the Plaintiff of the complete legal defense of the debt being past the statute of limitations existed.

59.  Defendant violated 15 U.S.C. § 1692e by making a false, deceptive, or misleading statement in connection with the attempt to collect the debt when it offered to accept any payment on a debt that was past the statute of limitations without informing the Plaintiff of the

complete legal defense of the debt being past the statute of limitations existed.

60. Defendant's conduct violated 15 U.S.C. § 1692f because it engaged in unfair or unconscionable means to attempt to collect a debt – its offer to settle the time-barred debt without disclosing that any repayment would renew the statute of limitations.

61. Defendant's conduct violated 15 U.S.C. § 1692f because it engaged in unfair or unconscionable means to attempt to collect a debt – its offer to accept any payment on the time-barred debt without disclosing that any repayment would renew the statute of limitations.

62. Defendant's conduct violated 15 U.S.C. § 1692f because it engaged in unfair or unconscionable means to attempt to collect a debt – its offer to settle the time-barred debt without disclosing that the debt was past the statute of limitations, which would provide for a complete legal defense of any judicial action.

63. Defendant's conduct violated 15 U.S.C. § 1692f because it engaged in unfair or unconscionable means to attempt to collect a debt – its offer to accept any payment, even a nominal payment, on the time-barred debt without disclosing that the debt was past the statute

of limitations, which would provide for a complete legal defense of any judicial action.

64. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from the Defendant herein.

**COUNT II.**
**VIOLATIONS OF THE**
**TELEPHONE CONSUMER PROTECTION ACT**
**47 U.S.C. § 227 *et seq.***

65. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

66. Within the four year period immediately preceding this action, the Defendant made numerous calls, which include, but are not limited to the dates and times previously referenced in this Complaint, to the Plaintiff's cellular telephone using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii), and 47 C.F.R. 64.1200 (a)(1)(iii).

67. Within the four year period immediately preceding this action, Defendant violated 47 U.S.C. § 227(e)(1).

68.  The acts and/or omissions of Defendant at all times material and relevant hereto, as described in this complaint, were done unfairly, unlawfully, intentionally, deceptively, and absent bona fide error, lawful right, legal defense, legal justification, or legal excuse.

69.  As a causally-direct and legally proximate result of the above violations of the TCPA and the C.F.R., Defendant at all times material and relevant hereto, as described in this Complaint, caused Plaintiff to sustain damages.

70.  Defendant did not have the prior express consent of Plaintiff to use an automatic telephone dialing system to call the Plaintiff's cellular telephone.

71.  Defendant made such calls willfully.

72.  Under 47 U.S.C. § 227(b)(3)(B), the Plaintiff is entitled to statutory damages under the TCPA of $500.00 per phone call made to Plaintiff by Defendant.

73.  Defendant willfully and knowingly violated the TCPA, and as such the Plaintiff is entitled to $1,500.00 per phone call made to the Plaintiff by Defendant pursuant to 47 U.S.C. § 227(b)(3).

74.  Plaintiff is entitled to injunctive relief prohibiting Defendant from contacting the Plaintiff on her cellular phone using an automated dialing system pursuant to 47 U.S.C. § 227(b)(3)(A).

## COUNT III.
## VIOLATIONS OF THE
## MICHIGAN COLLECTION PRACTICES ACT
## M.C.L § 445.251 *et seq.*

75.  Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

76.  The foregoing acts and omissions of Defendant and its agents constitute numerous and multiple violations of the MCPA including, but not limited to, each and every one of the above-cited provisions of the MCPA, M.C.L. § 445.251 *et seq.*

77.  Defendant violated M.C.L. § 445.251(e) by making an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt, when it sent a letter dated August 15, 2013, stating the balance owed was $10,939.27.

78.  In the alternative to Paragraph 77, Defendant violated M.C.L. § 445.251(e) by making an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt, when it sent a letter dated February 27, 2013, stating the balance owed was $13,372.88.

79. Defendant violated M.C.L. § 445.251(h).

80. Defendant violated M.C.L. § 445.252(n) by attempting to collect a debt that was past the statute of limitations, without informing Plaintiff that making any payment could restart the statute of limitations and renew liability of the whole debt - a harassing, oppressive, or abusive method to collect a debt.

81. Defendant violated M.C.L. § 445.252(n) by its offer to accept any payment, even a nominal payment, on the time-barred debt without disclosing that the debt was past the statute of limitations, which would provide for a complete legal defense of any judicial action - a harassing, oppressive, or abusive method to collect a debt.

82. Defendant violated M.C.L. § 445.252(n) by its offer to settle the account in one or more payments, without disclosing that the debt was past the statute of limitations, which would provide for a complete legal defense of any judicial action - a harassing, oppressive, or abusive method to collect a debt.

83. Defendant violated M.C.L. § 445.252(q) by failing to implement a procedure designed to prevent each of the above-listed MCPA violations by Defendant's employees.

84. As a result of Defendant's willful violations of the MCPA, Plaintiff is entitled to actual damages above $50.00 pursuant to M.C.L. § 445.257; statutory damages in an amount up to $150.00 pursuant to M.C.L. § 445.257; and, reasonable attorney's fees and court costs pursuant to M.C.L. § 445.257, from Defendant herein.

## COUNT IV.
## VIOLATIONS OF THE
## MICHIGAN OCCUPATIONAL CODE
## M.C.L. § 339.901 *et seq.*

85. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

86. The foregoing acts and omissions of Defendant and its agents constitute numerous and multiple violations of the MOC including, but not limited to, each and every one of the above-cited provisions of the MOC, M.C.L. § 339.911 *et seq.*, with respect to Plaintiff.

87. Defendant violated M.C.L. § 339.915(e) by making an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt, when it sent a letter dated August 15, 2013, stating the balance owed was $10,939.27.

88. In the alternative to Paragraph 87, Defendant violated M.C.L. § 339.915(e) by making an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt,

when it sent a letter dated February 27, 2013, stating the balance owed was $13,372.88.

89.  Defendant violated M.C.L. § 339.915(n) by attempting to collect a debt that was past the statute of limitations, without informing Plaintiff that making any payment could restart the statute of limitations and renew liability of the whole debt - a harassing, oppressive, or abusive method to collect a debt.

90.  Defendant violated M.C.L. § 339.915(n) by its offer to accept any payment, even a nominal payment, on the time-barred debt without disclosing that the debt was past the statute of limitations, which would provide for a complete legal defense of any judicial action - a harassing, oppressive, or abusive method to collect a debt.

91.  Defendant violated M.C.L. § 339.915(n) by its offer to settle the account in one or more payments, without disclosing that the debt was past the statute of limitations, which would provide for a complete legal defense of any judicial action - a harassing, oppressive, or abusive method to collect a debt.

92.  Defendant violated M.C.L. § 339.915(q) by failing to implement a procedure designed to prevent each of the above-listed MOC violations by Defendant's employees.

93.     As a result of Defendant's willful violations of the MOC, Plaintiff

is entitled to actual damages above $50.00 pursuant to M.C.L. §

339.916; statutory damages in an amount up to $150.00 pursuant

to M.C.L. § 339.916; and, reasonable attorney's fees and court costs

pursuant to M.C.L. § 339.916, from Defendant herein.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against

Defendant as follows:

### COUNT I.
### VIOLATIONS OF THE
### FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 *et seq.*

- for an award of actual damages pursuant to 15 U.S.C. §
  1692k(a)(1) against each Defendant and for Plaintiff;

- for an award of statutory damages of $1,000.00 pursuant to 15
  U.S.C. §1692k(a)(2)(A) against each Defendant and for Plaintiff;
  and

- for an award of costs of litigation and reasonable attorney's fees
  pursuant to 15 U.S.C. § 1692k(a)(3) against each Defendant and
  for Plaintiff.

**COUNT II.**
**VIOLATIONS OF THE**
**TELEPHONE CONSUMER PROTECTION ACT**
**47 U.S.C. § 227 *et seq.***

● for an award of statutory damages of $500.00 per call pursuant to 47 U.S.C. § 227(b)(3)(B) against Defendant and for Plaintiff;

● for an award of treble damages of $1,500.00 per call pursuant to 47 U.S.C. § 227(b)(3) against Defendant and for Plaintiff;

● for an injunction prohibiting Defendant from contacting the Plaintiff on the phone number ending in 8559 using an automated dialing system pursuant to 47 U.S.C. § 227(b)(3)(A).

**COUNT III.**
**VIOLATIONS OF THE**
**MICHIGAN COLLECTION PRACTICES ACT**
**M.C.L. § 445.251 *et seq.***

• for damages pursuant to M.C.L. § 445.257(2) against Defendant and for Plaintiff;

• for treble damages pursuant to M.C.L. § 445.257(2) against Defendant and for Plaintiff; and

• for reasonable attorney's fees and court costs pursuant to M.C.L. § 445.257(2) against Defendant and for Plaintiff.

**COUNT IV.**
**VIOLATIONS OF THE**
**MICHIGAN OCCUPATIONAL CODE**
**M.C.L. § 339.901 *et seq*.**

- for damages pursuant to M.C.L. § 339.916(2) against Defendant and for Plaintiff;

- for treble damages pursuant to M.C.L. § 339.916(2) against Defendant and for Plaintiff; and

- for reasonable attorney's fees and court costs pursuant to M.C.L. § 339.916(2) against Defendant and for Plaintiff.

Respectfully submitted,

GOLDEN LAW OFFICES, P.C.

Dated:  August 29, 2015

/s/ B. Thomas Golden
B. Thomas Golden (P70822)
Attorney for the Plaintiff
2186 West Main Street
P.O. Box 9
Lowell, Michigan 49331
Telephone: (616) 897-2900
Facsimile: (616) 897-2907
btg@bthomasgolden.com